**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

MICHAEL PATRICK SHAUGHNESSY,

         Plaintiff,

  -v.-                5:13-CV-271
                       (TJM/ATB)
STATE OF NEW YORK, *et al.*,

         Defendants.

MICHAEL PATRICK SHAUGHNESSY
Plaintiff, pro se

ANDREW T. BAXTER, United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

  The Clerk has sent to the Court for review a complaint submitted for filing by plaintiff, Michael Patrick Shaughnessy, together with an application for in forma pauperis ("IFP") status. (Dkt. Nos. 1, 2).

**I.** ***In Forma Pauperis* (IFP) Application**

  A review of plaintiff's IFP application shows that he declares he is unable to pay the filing fee. (Dkt. No. 2). This court agrees, and finds that plaintiff is financially eligible for IFP status.

  In addition to determining whether plaintiff meets the financial criteria to proceed IFP, the court must also consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. § 1915, which provides that the court shall dismiss the case at any time if the court determines that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief

against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i) -(iii).

In determining whether an action is frivolous, the court must consider whether the complaint lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974). Although the court has a duty to show liberality toward *pro se* litigants, and must use extreme caution in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and has had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may dismiss a frivolous complaint *sua sponte* even when plaintiff has paid the filing fee).

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555). The court will now turn to a consideration of the plaintiff's complaint under the above standards.

## II. **Complaint**

The complaint is a recitation of the facts of plaintiff's criminal case, beginning with the date of his arrest on March 4, 1999. Without elaborating on the specific facts of plaintiff's case, the court would simply note that plaintiff claims a variety of constitutional violations in connection with his prosecution, conviction, and incarceration for various counts of Rape, Sexual Abuse, and Endangering the Welfare of a Child. (Compl.) (Dkt. No. 1). Plaintiff alleges that the Appellate Division reversed the conviction on several counts, reducing his sentence from 9⅓ to 28 years imprisonment to 2⅓ to 7 years imprisonment. *See People v. Shaughnessy*, 286 A.D.2d 856, 730 N.Y.S.2d 467 (4th Dep't 2001), *leave to appeal denied*, 97 N.Y.2d 688, 738 N.Y.S.2d 304 (2001).

In 2003, plaintiff filed an application for writ of habeas corpus in the Northern District of New York, which was dismissed in May of 2006 for failure to prosecute because plaintiff failed to update his address.[1] *See Shaughnessy v. Costello*, No. 9:03-CV-917 (FJS/DEP) (N.D.N.Y. May 10, 2006). Plaintiff also alleges that in April of 2008, he filed a motion to vacate his conviction in Onondaga County Court that was

---

[1] The court notes that the docket sheet in 9:03-CV-917 indicates that plaintiff ultimately filed a "notice of change of address" on September 18, 2006, more than four months after the case was finally dismissed. (Dkt. Nos. 18, 21 in 9:03-CV-917). Plaintiff claims that he "went in person" to the Clerk's Office on September 18, 2006 and "discovered" that the court mailed the decision to the prison "instead of to me," even though he had changed his address and left a forwarding address with the prison. (Compl. ¶ 42). There is no change of address filed with the court in 9:03-CV-917 until September 18, 2006. The Report by Magistrate Judge David E. Peebles, recommending dismissal was served on April 9, 2006. (Dkt. No. 16). The Report-Recommendation was returned to the court marked "undeliverable" on May 1, 2006, and Senior Judge Frederick J. Scullin, Jr. adopted the recommendation on May 10, 2006. Judge Scullin's order was returned as undeliverable on May 17, 2006. (Dkt. No. 20)

3

denied by Judge William Walsh. (Compl. ¶ 43). Plaintiff then recites the problems that he has had attempting to appeal that decision. (Compl. ¶¶ 44-48).

The complaint contains eleven causes of action, including false arrest, false imprisonment, witness tampering/coercion by the prosecution, denial of due process, denial of favorable evidence, the judge's conflict of interest, jury tampering, tampering with trial transcripts, denial of "marital privilege," treason by public servants, fraud in handling plaintiff's bond, and destruction of plaintiff's presumption of innocence by the publishing of facts regarding his prosecution. (Compl. ¶¶ 54-64). Plaintiff names the State of New York; County of Onondaga; District Attorney William Fitzpatrick; Assistant District Attorney Christine Garvey; Martha Byrne and Daniel Whittles, Detectives in the Abused Persons Unit; Police Officer Peggy Southwell; and Ross Salsbury, Child Protective Services Caseworker. (Compl. ¶¶ 2-10).

### III. Immunity

#### A. Legal Standards

##### 1. New York State

The Eleventh Amendment provides that states have immunity against suits in federal court. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984); *Komlosi v. New York State OMRDD*, 64 F.3d 810, 815 (2d Cir. 1995) (citing *Will v. Michigan Department of Police*, 491 U.S. 58, 71 (1989)). This is true whether the court is considering Eleventh Amendment immunity or a statutory interpretation of section 1983. *Id.* at 815 n.3. The Eleventh Amendment also bars suits against state

4

agencies, and state officers in their official capacities. *See Huang v. Johnson*, 251 F.3d 65, 70 (2d Cir. 2001). Exceptions to Eleventh Amendment immunity exist if the state waives immunity and consents to suit in federal court or if Congress abrogates the state's immunity by statute. *Id.* at 69-70. When the issue is waiver of immunity, the state's consent to suit must be "unequivocally expressed." *Penhurst*, 465 U.S. at 99.

   **2.  Judges**

With minor exceptions, judges are entitled to absolute immunity for actions relating to the exercise of their judicial functions. *Mireless v. Waco*, 502 U.S. 9, 9-10 (1991). Judicial immunity has been created for the public interest in having judges who are "at liberty to exercise their functions with independence and without fear of consequences." *Huminski v. Corsones*, 396 F.3d 53, 74 (2d Cir. 2004). Judicial immunity applies even when the judge is accused of acting maliciously or corruptly. *Imbler v. Pachtman*, 424 U.S. 409, 419 n.12 (1976)(citing *Pierson v. Ray*, 386 U.S. 547, 554 (1967)). Judicial immunity is immunity from suit, not just immunity from the assessment of damages. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). The only two circumstances in which judicial immunity does not apply is when he or she takes action "outside" his or her judicial capacity and when the judge takes action that, although judicial in nature, is taken "in absence of jurisdiction." *Mireles*, 502 U.S. at 11-12.

   **3.  Prosecutors**

Prosecutors also enjoy absolute immunity from suit under section 1983 in matters associated with their prosecutorial functions, regardless of motivation. *Dory v.*

5

*Ryan*, 25 F.3d 81, 83 (2d Cir. 1994) (prosecutorial immunity covers virtually all acts associated with the prosecutor's function, including conspiracies to present false evidence); *Bernard v. County of Suffolk*, 356 F.3d 495 (2d Cir. 2004) (absolute immunity shields prosecutors from suit pursuant to section 1983 for their alleged malicious or selective prosecution as well as for any misconduct in the presentation of evidence to the Grand Jury).

Absolute immunity is defeated only when the prosecutor is engaging in investigative functions. *Bernard v. County of Suffolk*, 356 F.3d at 502-503 (citation omitted). The initiation and pursuit of prosecution, regardless of any alleged illegality, is protected by absolute prosecutorial immunity. *Peay v. Ajello*, 470 F.3d 65, 67-68 (2d Cir. 2006). It has also been held that a prosecutor is entitled to absolute immunity for his or her decision not to prosecute, regardless of the motivation for that decision. *Scloss v. Bouse*, 876 F.2d 287, 292 (2d Cir. 1989).

### 4. Witnesses

A trial witness who is sued under section 1983 also enjoys absolute immunity from any claim based on his or her testimony. *Rehberg v. Paulk*, 132 S. Ct. 1497, 1505 (2012) (citing *Briscoe v. LaHue*, 460 U.S. 325, 332-33 (1983)). In *Rehberg v. Paulk*, the Court restated the proposition that, without absolute immunity for witnesses, the truth-seeking process at trial would be impaired. *Id.* This immunity applies to both trial and grand jury witnesses and to law enforcement as well as lay witnesses. *Id.* at 1505-1506. In *Rehberg*, the Supreme Court made it clear that a law enforcement witness was entitled to the same immunity as any other witness who testified. *Id.*

### B. Application

#### 1. Eleventh Amendment

Plaintiff has named New York State as his first defendant. As stated above, New York State is entitled to absolute immunity under the Eleventh Amendment. None of the exceptions apply to plaintiff's case, and the entire complaint may be dismissed as against the state of New York.

#### 2. Judicial and Prosecutorial

One of the many bases for dismissal of this action is the absolute immunity accorded to Judge Fahey, District Attorney Fitzpatrick, and Assistant District Attorney Christine Garvey. Judge Fahey, as a County Court Judge, had jurisdiction over the criminal action, and regardless of whether his decisions were correct, incorrect, or even corrupt,[2] absolute immunity shields him from suit. Thus, the complaint may be dismissed as to Judge Fahey.

Defendant Fitzpatrick is the District Attorney for Onondaga County. Plaintiff has apparently named him as a defendant because he is defendant Garvey's supervisor. As stated above, he is entitled to absolute immunity. The court also notes that there are no factual allegations at all against defendant Fitzpatrick. Plaintiff does not allege any conduct by defendant Fitzpatrick, constitutional or otherwise. The law is well settled that personal involvement is a prerequisite to the assessment of damages in a section 1983 case, and respondeat superior is an inappropriate theory of liability. *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (citation omitted); *Richardson v.*

---

[2] The court makes no such finding.

7

*Goord*, 347 F.3d 431, 435 (2d Cir. 2003). Thus, the case may be dismissed as against defendant Fitzpatrick.

Plaintiff claims that, after the victim stated that she would not testify and recanted her story, defendant Garvey threatened her and threatened to have the victim's grandmother arrested if the victim did not testify against plaintiff. An out-of-court effort to control the presentation of a witness's testimony is considered "fairly within the prosecutor's function as an advocate" and is entitled to the protection of absolute immunity. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). Even suborning perjury or the presentation of false testimony is an activity that is covered by absolute immunity.[3] *Dory v. Ryan, supra*. Thus, any claims against defendant Garvey may be dismissed.

### 3. Witnesses

Although not contained in plaintiff's "causes of action," to the extent that the complaint may be interpreted as accusing defendants Southwell and Byrne of violating Judge Fahey's suppression order during their testimony by mentioning plaintiff's mental heath, they would be entitled to absolute immunity for their testimony.[4] Thus, the complaint may be dismissed as against defendants Southwell and Byrne.

---

[3] Again, the court makes no such finding in this case.

[4] The court is interpreting the complaint to raise this claim because there are no other specific allegations against these defendants, and the causes of action do not refer to them at all.

## IV. Plaintiff's Criminal Conviction

### A. Legal Standards

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that a section 1983 action, seeking damages is not cognizable if a decision in favor of the plaintiff would necessarily invalidate a ***criminal conviction*** unless the conviction or sentence had been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal habeas court. 512 U.S. at 486-87.

### B. Application

Plaintiff includes causes of action alleging that his right to due process was violated because he did not waive his right to a preliminary hearing, he was not allowed to testify before the grand jury, denial of evidence favorable to the defense, unauthorized communication with the jury and jury tampering, denial of "marital privilege," and the judge's lack of impartiality due to a conflict of interest. (Compl. ¶¶ 56, 57, 58, 59, 61). To the extent that the above are actually valid claims, a decision favorable to the plaintiff would affect the validity of his conviction.

Although part of plaintiff's conviction was overturned, some of the conviction survived. The above issues would have affected the *entire* conviction.[5] The entire conviction has not been overturned, nor has it been called into question in a habeas corpus action. Plaintiff abandoned his habeas corpus action in 2006, when it was

---

[5] Although not necessary to this decision, the court also notes that the Appellate Division modified plaintiff's convictions in 2001. His sentence was modified to 2 ⅓ to 7 years imprisonment, and plaintiff never spent any additional time in prison as a result of charges that were reversed.

9

dismissed for failure to prosecute. Thus, plaintiff cannot now bring any claims relating to the validity of his conviction. *See e.g. Poventud v. City of New York*, No. 07 Civ. 3998, 2012 WL 727802, at *3 (S.D.N.Y. March 6, 2012) (plaintiff could not escape the *Heck* bar because he was not exonerated of the charges on which he was originally indicted, when the charges were dismissed because he agreed to plead guilty to a related charge pertaining to the same events); *Jackson v. County of Nassau*, 07-CV-245, 2010 WL 1849262, at *3-4 (E.D.N.Y. May 6, 2010) (despite plaintiff's acquittal on several counts, *Heck v. Humphrey* applied to plaintiff's lawsuit because plaintiff's claims and arguments were not focused around particular charges or counts of which he was acquitted) (citing, *inter alia*, *Zarro v. Spitzer*, 274 F. App'x 31, 34-35 (2d Cir. 2008)); *Stein v. County of Westchester*, 410 F. Supp. 2d 175, 179 (S.D.N.Y. 2006) (*Heck* applied to bar a section 1983 action, even though conviction reversed on direct appeal, when the action was remanded for a new trial, plaintiff ultimately plead guilty, and was convicted of lesser offenses).

## V. Statute of Limitations

### A. Legal Standards

The statute of limitations for section 1983 actions is three years in New York State. *Weir v. City of New York*, 05 Civ. 9268, 2008 U.S. Dist. LEXIS 61542, *27 (S.D.N.Y. Aug. 11, 2008)(citing *inter alia Owens v. Okure*, 488 U.S. 235, 249-50 (1989); N.Y. Civ. Prac. L. & R.§ 214(5); *Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002)). The accrual of a cause of action is governed by federal law, which provides that a claim accrues when the plaintiff knows or has reason to know of the

harm upon which his action is based. *Eagleston v. Guido*, 41 F.3d 865, 871 (2d Cir. 1994).

The doctrine of equitable tolling allows the court to extend the statute of limitations past the time of expiration as necessary to avoid inequitable circumstances. *Johnson v. Nyack Hospital*, 86 F.3d 8, 12 (2d Cir. 1996) (citation omitted). Equitable tolling principles have applied when plaintiff "actively" pursued his judicial remedies, but filed a defective pleading within the appropriate time period. *Brown v. Parkchester S. Condominiums*, 287 F3d 58, 60 (2d Cir. 2002) (citations omitted). Equitable tolling has also been applied where plaintiff was prevented in some "extraordinary" way from asserting his rights, or where he asserted his rights in the wrong forum. *Johnson*, 86 F.3d at 12. In determining whether equitable tolling applies, the court must find that plaintiff acted reasonably diligently throughout the period that he seeks to toll. *Id.*

### B. Application

To the extent that plaintiff raises any claims that would *not* affect his criminal conviction and would not be barred by *Heck v. Humphrey, supra*, his claims would be barred by the statute of limitations. Plaintiff alleges that he was the subject of false arrest, false imprisonment, and excessive force. As stated above, to the extent that a favorable decision on either the false arrest or false imprisonment claims would affect plaintiff's criminal conviction, they are barred by *Heck v. Humphrey*.

However, plaintiff claims that at the time of his arrest, he was assaulted by police officers. The court first notes that plaintiff has not named any of the officers

11

that allegedly committed this assault. In any event, the arrest and alleged assault took place on March 4, *1999*. Clearly, plaintiff would have been aware of a claim of excessive force at the time that it occurred. Plaintiff filed this action March 11, 2013. (Dkt. No. 1). The three-year statute of limitations has long since passed. There is absolutely no basis upon which to equitably toll the statute of limitations for this claim. Plaintiff has had a great deal of time within which to bring suit against any officers that he alleges subjected him to excessive force.

Plaintiff was released from prison in 2006, and yet he has waited until 2013 to file any kind of an action against anyone. He states that he found out in 2006 that his habeas petition had been dismissed without his knowledge.[6] Plaintiff did not attempt to reopen his case or to appeal the dismissal. Thus, plaintiff has not acted with any diligence in pursuing any of his claims, and equitable tolling would not apply.

## VII. Conclusory Allegations

### A. Legal Standards

It is *well-established* that conclusory allegations are insufficient to establish a cause of action under the civil rights laws. *See Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir. 1987); *Mazurek v. Wolcott Bd. of Educ.*, 815 F. Supp. 71, 77 (D. Conn. 1993) (citations omitted). The plaintiff must make some specific allegation of fact, indicating that a defendant or defendants deprived him of rights, instead of alleging "a

---

[6] Plaintiff claims that he came to the federal court only to find that his habeas action had been dismissed because they sent the report recommendation to the prison instead of to plaintiff. A review of the docket sheet in plaintiff's habeas shows that his change of address was not filed until after the dismissal for failure to prosecute was final. It was not the court's fault that the report-recommendation was sent to the facility, rather than to the plaintiff at his new address.

12

litany of general conclusions that shock but have no meaning." *Barr*, 810 F.2d at 63.

### B. Application

Plaintiff's ninth and tenth causes of actions make the type of conclusory allegations that are insufficient to state a section 1983 claim, and in addition are frivolous. In his ninth cause of action, plaintiff simply alleges: "Treason." (Compl. ¶ 62). He then states that when a public servant "abrogates their [sic] oath of office, this is construed as levying war against the people . . . ." (*Id.*) He does not mention any particular defendant, and it appears that he is attempting to allege that by committing some violation of their "oath" of office, the defendant should be guilty of treason.

Plaintiff's claims are completely conclusory, and there is no indication how plaintiff has interpreted the treason statute to include violations of an individual's "oath of office." In any event, the criminal statute that plaintiff is quoting is 18 U.S.C. § 2381. In the federal system, crimes are always prosecuted by the Federal Government, not by private complaints. *Hill v. DiDio*, 191 F. App'x 13, 14-15 (2d Cir. 2006) (citing *Connecticut Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 86-87 (2d Cir. 1972)). For the court to conclude otherwise, the plaintiff must show that Congress specifically intended to create a private right of action pursuant to the statutes that plaintiff seeks to enforce. *Id. See also Storm-Eggink v. Gottfried*, 409 F. App'x 426, 427 (2d Cir. 2011) (same). Thus, even if the claim were not completely conclusory, plaintiff may not sue any of the defendants for treason because there is no private right of action for the crime. *See also Carvel v. Ross*, No. 09 Civ. 722, 2011 WL 856283, at *12 (S.D.N.Y. Feb. 16, 2011) (citing a multitude of statutes for which

there is no private right of action, including misprison of treason 18 U.S.C. § 2382).

In plaintiff's tenth cause of action, he alleges "fraud," but he states that "courts commit fraud when making use of Bonds for their own financial gain." (Compl. ¶ 63). Plaintiff states that courts "also commit fraud when they fail to fully disclose the contract and the information about the bonds." (*Id.*) As stated above, to the extent that plaintiff is referring to Judge Fahey, he is absolutely immune from any damage claims. In addition, plaintiff's statements are completely conclusory. The only reference to bail in the factual portion of the complaint states that Judge Fahey refused to change plaintiff's bail or release him on his own recognizance. (Compl. ¶ 23). The failure of a judge to alter bail status or to release someone on his own recognizance has nothing to do with one's own "financial gain." Plaintiff's tenth cause of action is completely frivolous and may be dismissed.

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that plaintiff's motion to proceed IFP (Dkt. No. 2) be **GRANTED** for filing purposes only, and it is further

**RECOMMENDED**, that the complaint be **DISMISSED IN ITS ENTIRETY** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii), and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Order and Report Recommendation on plaintiff in accordance with the Local Rules.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff has **fourteen (14) days** within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT**

**WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.**

*Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), & 6(e).

Dated: March 19, 2013

_____
Hon. Andrew T. Baxter
U.S. Magistrate Judge